JOSEPH MAYBERRY *vs.* JAMES C. MEAD.

Cumberland. Decided January 3, 1888.

*Pew-owners' corporation. Meeting-houses. R. S., c. 12, § § 31, 32. Assessment of pews.*

A corporation of the pew-owners, by a majority vote, may control the meeting-house, make repairs thereon, etc., at a meeting of the corporation duly called therefor. It cannot be done at a meeting called by a justice of the peace, on application to him therefor, for the purpose of organizing the corporation.

Proceedings which were held to be for the organization of pew-owners.

It must appear that a majority of the members voted to repair, raise the money, and assess the pews, in order to make a valid assessment.

An assessment is void where the assessors added an overlay to the sum raised, and assessed it upon the pews.

ON report.

This was an action for the recovery of pew No. 16 in the Congregational meeting-house in North Bridgton. It was admitted 'that the title to the pew was conveyed by deed in

1875. But the defendant claimed title under a deed from the treasurer of a corporation of the pew-owners, given in 1884. This deed was sufficient in form, and, it was admitted, conveyed a good title if the following proceedings were valid :

(Records.)

"To Edward Kimball, Esq., one of the Justices of the Peace in and for the county of Cumberland and state of Maine.

"The undersigned proprietors and pew-owners in the house known as the Congregational meeting-house in North Bridgton village, in said county, hereby make application to you to issue your warrant to one of them to notify the proprietors and pew-owners of said house to meet in said house on Saturday, the 6th day of October, A. D. 1883, at two o'clock P. M., to act on the following articles, viz. :

"1.   To choose a moderator to govern said meeting.

"2.   To choose a clerk.

"3.   To see if said proprietors and pew-owners will incorporate themselves into a legal body.

"4.   To determine the mode of calling future meetings.

"5.   To determine whether they will repair said house.

"6.   To determine in what manner money shall be raised for repairs.

"7.   To choose treasurer, appraisers, assessors, and any other officers, committees, or agents, as they may think proper for executing such purposes as they may direct.

"8.   To transact any other business that may legally come before them.

"Dated this fifth day of September, A. D. 1883.

Luke Brown,
G. E. Chadbourne,
Asa Gould."

(L. S.)   "State of Maine, Cumberland, ss.

"To Luke Brown, Esq., of Bridgton : In compliance with the foregoing application to me directed you are hereby required to notify and warn the pew-owners therein named to meet and assemble at the time and place, and for the purposes specified in

said application, by posting an attested copy of the same on the principal outer door of said meeting-house, and one at the North Bridgton post office, also to be printed in the Bridgton News at least twenty-one days before the time of said meeting.

"Given under my hand and seal this tenth day of September, A. D. 1883.

Edward Kimball, Justice of the Peace."

(Warrant duly served and returned.)

"North Bridgton, Oct. 6, 1883.

"Met in accordance with the foregoing request and warrant, at the time and place and for the purpose therein named, and called to order by Mr. Brown, to whom said warrant was directed.

"Chose by ballot, Jacob Hazen, Moderator.

"          "          Geo. E. Chadbourne, Clerk,

who was sworn to the faithful and impartial discharge of the duties incumbent to that office by the moderator. A majority in interest of the owners being present, voted, on motion of the clerk, that we now declare this a body corporate, and that a committee of three be appointed by the chair to draft a code of by-laws for the use and the government of said corporation. G. E. Chadbourne, Luke Brown and C. H. Gould were appointed the committee.

"Voted, on motion of A. A. Libby, that the report presented by the committee be accepted.

"Voted, on motion of Mr. Gould, that each item of said report be voted on for adoption, amendment, or rejection; and the following preamble and code was unanimously adopted:

"This association now being a body corporate in accordance with chapter 12 of the Statutes of the State of Maine, the same to be known for all legal transactions as the Pew-owners and Proprietors of North Bridgton Meeting-house, the same to be governed by the following by-laws:    .    .    .    .

"Chose by ballot, C. H. Gould, Treasurer.    } Sworn by
"          "          Austin B. Friswold, Collector. } Moderator.

"Chose by ballot, Jacob Hazen, Luke Brown and G. E. Chadbourne, Assessors. Mr. Hazen was sworn by Edward

Kimball, justice of the peace; Brown and Chadbourne by the moderator. .    .    .    .

"Voted, that the meeting-house be reshingled and the plastering be repainted in distemper.

"Voted, on motion of Mr. Brown, that said repairs be done by assessment on the pews.

"Voted, on motion of the clerk, that the procuring of materials and putting on be left with the executive committee, with power.

"Voted, that whenever we do adjourn, it shall be to meet at this place one week from to-day, at two o'clock P. M., to hear the report of committee, etc.

"Adjourned.

"A true record.　Attest :　Geo. E. Chadbourne, Clerk.

・・"North Bridgton, Maine, Oct. 13, 1883.

"Met according to adjournment.

"Report of the executive committee on the purchase of shingles, etc., made verbally and accepted.

"Voted, to raise one hundred and fifty dollars for the purpose of shingling the roof and repairs on plastering.

"Voted, that when we adjourn, it shall be at this place two weeks from to-day, at three o'clock P. M.

"Adjourned.

"A true record.　Attest :　Geo. E. Chadbourne, Clerk.

"Tax of one hundred and fifty dollars, with overlay of five dollars and forty cents, assessed on the pews of the meeting-house at North Bridgton, Oct. 20, 1883, committed to collector for collection Oct. 20, A. D. 1883.

*Caleb A. Chaplin*, for plaintiff.

*A. H. Walker*, for the defendant.

PER CURIAM.　We think the defendant fails to show title to the pew in suit, for the following reasons :

I.　The proceedings put in evidence by the defendant, and relied on by him, must be treated as an organization of the pew-

owners of the meeting-house, as a corporation under R. S., 1871, c. 12, § § 31, 32.

II. By section 33 of same chapter, such corporation, by a majority vote of its members, may control the meeting-house, etc. It must be done at a meeting of the corporation duly called therefor. It cannot be done at a meeting called by the justice of the peace, on an application to him therefor, for the purpose of organizing the corporation. The meeting so called is not a meeting of the corporation, but one called before there was a corporation.

III. It does not appear by the record that a majority of the members of the corporation were present or voted to repair, raise the money, or assess it on the pews.

IV. The assessors had no authority to add to the sum raised an overlay at their pleasure, and assess it on the pews. We find no statute authority for it, and in the absence of such authority they had power to assess the sum raised only. In adding the overlay they exceeded their power, and for this reason the assessment was void.

*Judgment for the plaintiff.*